| | |
|---|---|
| DISTRICT COURT<br>Jefferson County, State of Colorado<br>100 Jefferson County Parkway<br>Golden, Colorado 80401 | **EFILED Document**<br>**CO Jefferson County District Court 1st JD**<br>**Filing Date: Apr 14 2011 11:37AM MDT**<br>**Filing ID: 37040857**<br>**Review Clerk: Beth R**<br>▲ COURT USE ONLY ▲ |
| Plaintiff:<br>**CROSSROADS COMMERCIAL CENTER, LTD.,**<br>a Colorado limited liability partnership<br><br>v.<br><br>Defendant:<br>**GAROLD B. KRAFT (d.b.a. EXOTIC MOTORS),**<br>an individual | Case Number:<br><br>2010 CV 4988<br><br>Div.: 4  Ctrm: 5C |

**ORDER RE: MOTION FOR LEAVE TO CONSOLIDATE**

THIS MATTER comes before the Court on the Plaintiff's Motion for Leave to Consolidate (the "Motion"). The Court, after reviewing the pleadings, case file, and applicable rules and law hereby issues the following Order.

### I. BACKGROUND

Case number 10CV4988 was initiated in Division 4 by the filing of a Complaint on October 20, 2010. According to the Plaintiff's allegations, the Defendant ("Kraft") owned certain office rental property (the "Property") but then sold the Property to the Plaintiff ("CCC"). At the time of the sale, Kraft entered into three one-year lease agreements with CCC whereby Kraft would continue to occupy and lease from CCC three retail spaces in the Property. Approximately four months into the leases, Kraft vacated and abandoned the three leased spaces and ceased paying rent. The Complaint sets forth claims for relief for breach of contract and promissory estoppel as to each separate lease.

Case number 10CV5138, Bank of Choice v. Crossroads Commercial Center and Randolph Currier, was initiated in Division 3 by the filing of a Complaint on October 27, 2010.

According to the allegations in that case, Bank of Choice loaned $3,145,000 to CCC, and CCC has now defaulted on the promissory note payable to Bank of Choice. The Complaint seeks recovery from both CCC and Randolph Currier ("Currier"), who personally guaranteed the note. The Complaint also requests the appointment of a receiver in connection with a deed of trust that secured the promissory note.

CCC's Answer and Counterclaims in 10CV5138 sets forth additional facts demonstrating that the two cases are interrelated. According to CCC's allegations, Kraft had originally taken out a loan from Bank of Choice to enable him to purchase the Property in the first place. Kraft then defaulted on that loan. To avoid foreclosure on the Property, Kraft put the Property up for sale, and ultimately sold the Property to CCC, subject to the lease-back of the three retail spaces (the subject of case number 10CV4988). To purchase the Property, CCC borrowed $3,145,000 from Bank of Choice, and it is this debt that CCC ultimately defaulted on in case number 10CV5138. CCC complains that Bank of Choice never informed CCC of Kraft's prior default with Bank of Choice, and asserts that Bank of Choice instructed Kraft to propose the lease-back arrangement to CCC in order to induce CCC into buying the Property and taking out the $3,145,000 loan from Bank of Choice. CCC's original Counterclaims are all against Bank of Choice solely, and are for: (1) fraudulent misrepresentation, (2) negligent misrepresentation, (3) negligence, (4) negligent supervision, (5) breach of fiduciary duty, and (6) tortious interference with prospective business advantage.

On February 24, 2011 in case number 10CV5138, CCC filed a Motion to Amend Counterclaims and Add Parties, which seeks expansion of CCC's counterclaims and addition of certain "counterclaim defendants" (a/k/a third party defendants), including Kraft. With regard to Kraft, the Amended Counterclaims assert that Bank of Choice and Kraft conspired to induce

CCC into its loan agreement with Bank of Choice. The following amended counterclaims implicate Kraft: (1) deceit by misrepresentation, (2) deceit by concealment, (3) civil conspiracy, (4) negligent misrepresentation, and (6) breach of contract. Other amended counterclaims that implicate Bank of Choice and the other "counterclaim defendants" (but not Kraft) are: (5) negligence, (7) consumer protection, (8) COCCA, and (9) RICO. On April 13, 2011 Judge Tidball granted the Motion to Amend Counterclaims and Add Parties, thereby making Kraft a named third party defendant in case number 10CV5138.

On February 24, 2011 in case number 10CV4988, CCC filed the Motion at issue, which requests that case number 10CV4988 be merged into case number 10CV5138, on the grounds that both cases involve common issues of fact and law and both cases involve common parties. Kraft filed a Response on March 8, 2011, and the Plaintiff did not file a Reply.

## II. ANALYSIS

C.R.C.P. 42(a) provides that: "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Consolidation is a matter of the trial court's discretion. *Nat'l Farmers Union Property & Cas. Co. v. Frackelton*, 650 P.2d 571, 572 (Colo. App. 1982).

After Judge Tidball granted the Motion to Amend Counterclaims and Add Parties in case number 10CV5138, CCC and Kraft became common parties across both cases. Moreover, there are considerable overlapping facts across the two cases. Therefore, the Court finds that judicial efficiency and economy would be furthered by consolidating the two cases.

C.R.C.P. 121 § 1-8 provides that: "If consolidation is ordered, all subsequent filings shall be in the case first filed and all previous filings related to the consolidated cases placed together under that case number, unless otherwise ordered by the court." In accordance with this rule and with First Judicial District Chief Judge Directive, case number 10CV5138 shall be merged into case number 10CV4988, all previous filings shall be placed under case number 10CV4988, and all subsequent filings shall be made in case number 10CV4988.

**IT IS THEREFORE ORDERED** that the Plaintiff's Motion is hereby **GRANTED IN PART** by the terms of this Order**.**

Dated this 14th day of April, 2011.

BY THE COURT:

_____
Tamara S. Russell
District Court Judge


**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of April, 2011, a true and correct copy of the foregoing document was served on all parties via e-filing with LexisNexis File & Serve.

_____
Law Clerk, Division 4