| | |
|---|---|
| ☐ Small Claims  ☐ County Court  ☒ District Court<br>☐ Probate Court  ☐ Juvenile Court  ☐ Water Court<br>Jefferson County, State of Colorado<br>100 Jefferson County Parkway<br>Golden, Colorado 80401 | **EFILED Document**<br>**CO Jefferson County District Court 1st JD**<br>**Filing Date: Apr 13 2011  3:25PM MDT**<br>**Filing ID: 37025621**<br>**Review Clerk: Beth B** |
| | ▲ **COURT USE ONLY** ▲ |
| **Plaintiff:**<br><br>BANK OF CHOICE, A COLORADO CORPORATION,<br><br>**Defendants:**<br><br>CROSSROADS COMMERCIAL CENTER, LTD., LLLP, a Colorado limited liability limited partnership, and RANDOLPH G. CURRIER, an individual. | Case Number:<br>2010CV5138<br><br>Div.: 3  Ctrm: 4F |
| **ORDER** | |

This matter comes before the Court on Defendants Crossroads Commercial Center, Ltd., LLLP ("Crossroads") and Randolph G. Currier's ("Currier") (collectively "Defendants") Motion to Amend Counterclaims and Add Parties and Plaintiff Bank of Choice's ("BOC") Motion for Summary Judgment. The Court, having considered the Motions, Responses, Replies, Sur-Reply, the case file and the applicable legal authority, enters the following Order.

## I. INTRODUCTION

BOC alleges Crossroads executed a promissory note, guaranteed by Currier, in the principal amount of $3,145,000, which Crossroads then used to purchase commercial real estate. BOC asserts Crossroads failed to make the payments as required under the terms of the note and that Currier has failed to repay BOC for the debt owed. Defendants allege BOC is attempting to collect upon a fraudulent promissory note, and that BOC conspired with others to misrepresent and inflate the real estate's value. Defendants argue they were induced into acquiring the real estate at an exaggerated price through BOC's alleged misrepresentations, and that Defendants' overpayments relieved BOC from realizing any losses in connection with BOC's arrangement with the real estate's prior owner. Defendants now move this Court for leave to amend their counterclaims and add parties. BOC argues Defendants' proposed counterclaims are unsubstantiated and unsupportable and are designed to either delay judgment or posture for settlement. BOC moves for summary judgment on its First and Second claims for relief and on Defendants' counterclaims.

## II. DEFENDANTS' MOTION TO AMEND COUNTERCLAIMS AND ADD PARTIES

Granting leave to amend a pleading is within the trial court's discretion. ***Polk v. Denver Dist. Ct.***, 849 P.2d 23, 25 (Colo. 1993). Motions for leave to amend are viewed favorably and should be freely granted under Rule 15(a). *See* C.R.C.P. 15(a); ***Varner v. Dist. Ct.***, 618 P.2d

1388, 1390 (Colo. 1980). However, this liberal policy is not without limits. A court may deny leave to amend where the opposing party would be prejudiced, the amendment is futile, or the moving party has unduly delayed in moving to amend. ***Akin v. Four Corners Encampment***, 179 P.3d 139, 146 (Colo. App. 2007).

Here, Defendants seek to amend two of their original counterclaims (fraudulent and negligent misrepresentation) and add seven others, including deceit by concealment, civil conspiracy, negligence (not addressed to BOC), breach of contract, consumer protection, violation of Colorado's Organized Crime Control Act, and violation of the Racketeer Influenced Corrupt Organizations Act. BOC argues Defendants' proposed amendments and additions are unsubstantiated and insupportable, are being asserted to cause delay, and would otherwise be subject to immediate dismissal if asserted. BOC cites ***Niccoli v. Ayala*** for the proposition that "[w]here a proposed defense is so legally insufficient as to be immediately susceptible to a motion to strike or a motion to dismiss, leave to amend *may* properly be denied on that basis." 501 P.2d 138, 140 (Colo. App. 1972) (emphasis added). BOC asserts this standard is equally applicable when a court considers whether to allow a party leave to amend its *counterclaims*. This Court agrees. However, as ***Niccoli*** makes clear, denial of leave to amend is not mandatory under such circumstances. Further, this Court declines to determine at this time whether Defendants' proposed amendments and additions are *so legally insufficient* as to warrant immediate dismissal. The Court finds that there is no suggestion of prejudice, futility, or undue delay. Accordingly, under the liberal framework of Rule 15, the Court finds that allowing Defendants' leave to amend and add parties is appropriate and will therefore grant Defendants' motion.

### III.     BOC'S MOTION FOR SUMMARY JUDGMENT

Summary judgment is a drastic remedy that is warranted only on a clear showing that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. ***USA Leasing, Inc. v. Montelongo***, 25 P.3d 1277, 1279 (Colo. App. 2001); *see also* C.R.C.P. 56(c). The burden of establishing the lack of a genuine issue of material fact is on the moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against that party. ***USA Leasing, Inc.***, 25 P.3d at 1279. If the moving party makes a convincing showing that there are no genuine issues of material fact, then the opposing party must set forth specific facts demonstrating that there is a genuine issue for trial. ***Id***. at 1278.

BOC argues there are no genuine issues of material fact relating to its First and Second claims for relief, and that it is therefore entitled to summary judgment on both claims. Further, BOC argues it is likewise entitled to summary judgment on Defendants' counterclaims. In their Response, Defendants voluntarily withdrew their Third, Fourth, Fifth, and Sixth original counterclaims. Accordingly, only Defendants' First and Second original counterclaims are subject to BOC's motion. However, this Court has allowed Defendants leave to amend those two original counterclaims, and BOC addresses them, as modified, in its Reply. As such, this Court may properly consider whether granting summary judgment in favor of BOC is appropriate with respect to Defendants' two remaining original counterclaims, as amended.

### A. *BOC's First and Second Claims for Relief*

BOC argues it is entitled to summary judgment on its First and Second claims for relief regarding breach of contract because there is no dispute that the first three elements of those claims have been unequivocally established. Defendants essentially concede this in their Response. However, BOC argues Defendants seek to dispute the damages element of those claims by asserting various affirmative defenses and attempting to assert several counterclaims which, if established, would reduce or eliminate BOC's damages. If the elements of a breach of contract claim are proven by a preponderance of the evidence, an affirmative defense may nonetheless invalidate the agreement at issue. *See* CJI–Civ. 4th 30:1 (2010). Also, damages under a breach of contract claim may be reduced by a counterclaim, if one is established. Here, the Court has allowed Defendants leave to amend their counterclaims. Further, the Court finds disputed issues of material fact exist relating to, among other things, the terms of the Commitment Letter and the nature of BOC's representations. (*See, e.g.,* Resp. Ex. I; Sur-Reply Ex. C & D). As such, the Court declines to grant summary judgment in favor of BOC on their First and Second claims for relief.

### B. *Defendants' Remaining Original Counterclaims, as Amended*

BOC argues Defendants' First and Second remaining, yet amended, original counterclaims (now titled Deceit by Misrepresentation and Negligent Misrepresentation) are barred by C.R.S. § 38-10-124, Colorado's Credit Agreement Statute of Frauds. Further, BOC argues Defendants' Negligent Misrepresentation counterclaim is barred by the two year statute of limitations set forth in § 13-80-102(1)(a) because Defendant Currier should have discovered any alleged negligent misrepresentations of BOC and others prior to the date the note and guaranty were executed. Defendants contend the Commitment Letter meets the writing requirements of § 38-10-124. Further, Defendants assert that the question of Defendants' knowledge of the alleged misrepresentations and resulting duty to investigate is a disputed question of fact. As discussed above, the Court finds disputed issues of material fact exist as to the terms of the Commitment Letter and the nature of BOC's representations. Further, the Court finds disputed issues of material fact exist regarding whether Defendants should have discovered any alleged misrepresentations prior to the date of execution. *See* **Murry v. GuideOne Specialty Mut. Ins. Co.**, 194 P.3d 489, 491 (Colo. App. 2008) (stating that unless the undisputed facts clearly show when a party should have discovered the damage or conduct, the point of accrual is usually a question of fact). As such, the Court declines to grant summary judgment as to Defendants' First and Second remaining counterclaims, as amended.

## IV.   CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motion to Amend Counterclaims and Add Parties is hereby GRANTED, and BOC's Motion for Summary Judgment is hereby DENIED. Further, the Court deems Defendants' Amended Counterclaims filed as of the date of this Order.

SO ORDERED.

Dated this 13th day of April, 2011.

BY THE COURT:

_____
Jane A. Tidball
District Court Judge