| | |
|---|---|
| DISTRICT COURT<br>Jefferson County, State of Colorado<br>100 Jefferson County Parkway<br>Golden, Colorado 80401 | EFILED Document<br>CO Jefferson County District Court 1st JD<br>Filing Date: Jun 13 2011 11:34AM MDT<br>Filing ID: 38105340<br>Review Clerk: Beth R<br>▲ COURT USE ONLY ▲ |
| Plaintiff: **CROSSROADS COMMERCIAL CENTER, LTD., LLLP**, a Colorado limited liability partnership<br>v.<br>Defendant: **GAROLD B. KRAFT (d.b.a. EXOTIC MOTORS),** an individual;<br><br>and<br><br>Plaintiff: **BANK OF CHOICE,** a Colorado Corporation<br>v.<br>Defendants: **CROSSROADS COMMERCIAL CENTER, LTD., LLLP,** a Colorado limited liability partnership; and **RANDOLPH CURRIER,** an individual<br>v.<br>Third-Party Defendants: **GOLDEN APPRAISAL SERVICES, LLC,** a Colorado limited liability company; **GAROLD B. KRAFT,** an individual; **VAL SIMONE,** an individual; and **ERIC TUERS,** an individual. | Case Number:<br><br>2010 CV 4988<br><br>Div.: 4  Ctrm: 5C |
| **ORDER RE: MOTION TO FILE AMENDED COMPLAINT** | |

THIS MATTER comes before the Court on Bank of Choice's Motion to File Amended Complaint (the "Motion"). The Court, after reviewing the pleadings, case file, and applicable rules and law hereby issues the following Order.

## I. BACKGROUND

Bank of Choice loaned $3,145,000 to Crossroads Commercial Center ("CCC"), and Randolph Currier ("Currier") personally guaranteed the note. CCC contends that the contract between the parties has been voided or rescinded, and contends that CCC has no obligation to re-pay the loan. CCC does, however, admit receiving loan proceeds in the amount of $3,145,000. Accordingly, Bank of Choice filed the Motion at issue on April 7, 2011, which requests leave to

add an additional claim of quantum meruit against both CCC and Currier.  CCC and Currier collectively filed a Response on April 26, 2011 that does not object to the addition of a quantum meruit claim against CCC, but does object to such a claim being asserted against Currier.  Bank of Choice filed a Reply on May 9, 2011.

## II. ANALYSIS

Pursuant to C.R.C.P. 15(a):

 "A party may amend his pleading once as a matter of course at any time before a responsive pleading is filed or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it any time within twenty days after it is filed. Otherwise, a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

Granting leave to amend is within the sound discretion of the trial court.  *Benton v. Adams*, 56 P.3d 81, 85 (Colo. 2002).  Leave to amend should be freely given in the absence of any apparent or declared reason such as undue delay, bad faith, or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; undue prejudice to the opposing party by virtue of allowance of the amendment; or futility of amendment.  *Id.* at 86.  An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss.  *Id.* at 86-87.

Currier argues that the requested amendment would be futile because a claim of quantum meruit against Currier could not survive a motion to dismiss.  To succeed on a claim of quantum meruit, the plaintiff must prove that the defendant: (1) received a benefit, (2) at the plaintiff's expense, (3) under circumstances that would make it unjust for the defendant to retain the benefit without paying.  *Dudding v. Norton Frickey & Assocs.*, 11 P.3d 441, 445 (Colo. 2000).  Currier

argues that CCC was the entity that actually received the funds and benefitted from the loan, and that as a mere guaranty, Currier did not receive a personal benefit from the loan.

In its Reply, Bank of Choice lists several benefits that Currier received personally as a result of the loan, including the receipt of rents from the commercial real estate that was purchased with funds from the loan, the use and benefit of the property that was purchased in order to conduct Currier's personal business, personal tax benefits to Currier realized from an I.R.C. § 1031 exchange, and benefits flowing to Currier as the majority owner and managing general partner of CCC.

For purposes of a quantum meruit claim, a benefit denotes any form of advantage. *Dudding*, 11 P.3d at 445. Therefore, the benefit can be indirect, such as those listed by Bank of Choice in its Reply. The Court finds that, for the purposes of the Motion at issue only, the benefits received by Currier are sufficient to support a claim of quantum meruit against Currier. Accordingly, Bank of Choice shall be permitted to amend its complaint to add a claim of quantum meruit against both CCC and Currier.

**IT IS THEREFORE ORDERED** that Bank of Choice's Motion is hereby **GRANTED.**

Dated this 13th day of June, 2011.

BY THE COURT:

_____
Tamara S. Russell
District Court Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of June, 2011, a true and correct copy of the foregoing document was served on all parties via e-filing with LexisNexis File & Serve.

_____
Law Clerk, Division 4