

**GRANTED**

The moving party is hereby ORDERED to provide a copy of this Order to any pro se parties who have entered an appearance in this action within 10 days from the date of this order.



**Jane Tidball**
**Jefferson District Court Judge**
DATE OF ORDER INDICATED ON ATTACHMENT

EFILED Document
CO Jefferson County District Court 1st JD
Filing Date: Dec 8 2010 11:50AM MST
Filing ID: 34744838
Review Clerk: Luz Ruiz

| | |
|---|---|
| District Court, County of Jefferson, State of Colorado<br>Court Address: 100 Jefferson County Parkway, Golden, CO 80401<br>Court Telephone: 303-271-6145 | |
| Plaintiff: **BANK OF CHOICE**, a Colorado corporation,<br><br>v.<br><br>Defendants: **CROSSROADS COMMERCIAL CENTER, LTD., L.L.L.P.**, a Colorado limited liability limited partnership; and **RANDOLPH CURRIER**, an individual. | ▲COURT USE ONLY▲<br>Case No: **10 CV** _____<br>Division: ___ |

## ORDER FOR APPOINTMENT OF A RECEIVER

Upon the Verified Complaint for Appointment of a Receiver and for Other Relief filed by Plaintiff Bank of Choice, and upon good grounds appearing therefor, the Court finds and orders, as follows:

1. Plaintiff Bank of Choice is a Colorado corporation with its principal place of business located at 3780 West 10th Street, Greeley, Colorado 80634.

2. Defendant Crossroads Commercial Center, LTD., L.L.L.P. ("Crossroads") is a Colorado limited liability limited partnership with its principal place of business located at 1722 Montane Drive E, Golden, Colorado 80401.

3. Defendant Randolph Currier ("Currier") is an individual with a last known residential address of 1722 Montane Drive E, Golden, Colorado 80401.

4. Venue is proper in this court pursuant to Rule 98(a), C.R.C.P., as this action affects real property situated in Jefferson County, Colorado. Venue is also proper in this court pursuant to Rule 98(c)(1), C.R.C.P., as the Defendants reside in Jefferson County, Colorado. Jurisdiction is proper in this Court pursuant to § 13-1-124(1)(a), C.R.S.

5. On or about August 15, 2008, Crossroads executed and delivered to Plaintiff a promissory note for Loan No. 813870-10 (the "Note") in the principal amount of $3,145,000.00. The Note is in default.

6. The Note is secured by a Real Estate Deed of Trust executed by Crossroads on or about August 15, 2008 and recorded in the real property records of the Jefferson County Clerk and Recorder's office on August 20, 2008 at Reception No. 2008079565 (the "DOT"). The DOT grants Plaintiff a first priority lien on the following described property:

> LOT 1, VAN BIBBER BUSINESS PARK,
> COUNTY OF JEFFERSON, STATE OF COLORADO,

| | |
|---|---|
| **Bank of Choice**, Plaintiff,<br>v.<br>**Crossroads Commercial Center, LTD., L.L.L.P., et al.**, Defendants. | Case No. **10 CV** ___<br><br>Division ___ |

        also known as 12500 West 58th Avenue, Arvada, Colorado, together with all rights, easements, appurtenances, royalties, mineral rights, oil and gas rights, crops, timber, all diversion payments or third party payments made to crop producers, all water and riparian rights, wells, ditches, reservoirs, and water stock and all existing and future improvements, structures, fixtures, and replacements that may now, or at any time in the future, be part of the real estate described above, (the "Property").

7. The DOT is in default because, among other reasons, Crossroads has failed to repay Plaintiff for all of its indebtedness under the Note and Crossroads has caused Plaintiff to believe that its interest in the Property is insecure.

8. Plaintiff has commenced or will be forthwith commencing a Jefferson County Public Trustee foreclosure as to the Property.

9. The DOT grants Plaintiff a lien on the Property's rents, issues and profits.

10. The Property, which constitutes security for the Note, is clearly inadequate into satisfy the indebtedness existing under the Note.

11. Section 38-38-601(1), C.R.S., provides, in pertinent part, that "[w]hen an action … has been commenced to foreclose a … trust deed …, a receiver of the property affected shall be appointed upon application at any time prior to the sale, if it appears that the security is clearly inadequate or that the premises are in danger of being materially injured or reduced in value as security by removal, destruction, deterioration, accumulation of prior liens, or otherwise so as to render the security inadequate."

12. After the Jefferson County Public Trustee foreclosure sale of the Property, and during the ensuing redemption period, Plaintiff will have a statutory right to the appointment of a receiver pursuant to C.R.S. § 38-38-602.

13. Rule 66(a), C.R.C.P., provides, in pertinent part, that "[a] receiver may be appointed by the court … before judgment, provisionally, upon application of either party, when he establishes a prima facie … interest [in the property], which is the subject of the action and is in possession of an adverse party and such property, or its rents, issues and profits are in danger of being lost … or materially injured or impaired; … or in other cases where proper and in accordance with principals of equity.

14. Pursuant to §§ 38-39-601 and 602, C.R.S., and Rule 66(a), C.R.C.P., Plaintiff is entitled to the appointment of a receiver for the Property and Rents, Issues and Profits by virtue of the DOT, which grants Plaintiff a *prima facie* right to possess the Property and the Rents, Issues and Profits, all of which are in danger of deterioration, loss and spoilage, and because the appointment of a receiver is in accordance with the established principles of equity.

| | |
|---|---|
| **Bank of Choice**, Plaintiff,<br>v.<br>**Crossroads Commercial Center, LTD., L.L.L.P., et al.**, Defendants. | Case No. **10 CV** ___<br><br>Division ___ |

15. By virtue of Plaintiff's seeking the appointment of a receiver for the Property and by virtue of this Order, it is evident that the thrust of the relief sought under Plaintiff's Complaint for Appointment of Receiver and for Other Relief is equitable in nature.

16. Ms. Tammy Lindsay, whose résumé is attached to the Plaintiff's Verified Complaint for Appointment of Receiver and for Other Relief, is qualified to be appointed as receiver for the Property. A receiver's bond is not necessary.

Upon such findings, this Court enters the following Orders:

IT IS ORDERED, that Ms. Tammy Lindsay (the "Receiver") is appointed to serve as Receiver for all of the Property and is charged with the following duties: to protect and preserve, the Property, any fixtures situated thereon, and any and all personal property used or associated therewith, regardless of where such property is located including, but not limited to rental payments, lease payments, bank accounts, checks, drafts, notes, security deposits, records, contracts, claims, leases, files, furniture, certificates and licenses, fixtures and equipment (all collectively with the Property hereinafter referred to as the "Receivership Property"); to collect all keys which affect or concern the Receivership Property; to change all locks concerning the Receivership Property; to pay all bills and costs necessary to preserve and insure the Receivership Property arising after the date of her appointment, except that in the case a bill or cost shall be greater than $1,000.00, the Receiver shall first obtain prior approval from Plaintiff Bank of Choice; to enter into such further contracts and arrangements as are reasonably necessary to maximize the proceeds and products of the Receivership Property; to exclude Crossroads and/or Currier and their employees and agents from the Receivership Property; to have the sole and exclusive authority to deal with tenants, employees, management companies, vendors, buyers, the City of Arvada, Jefferson County, the State of Colorado and all other persons, entities, governmental bodies and quasi-governmental bodies involved with the Receivership Property; with prior approval of Plaintiff Bank of Choice to terminate, ratify or renegotiate all leases and contracts, and to collect receivables and other accounts due on account of the Receivership Property, and such payments shall be made directly to Plaintiff Bank of Choice for application towards the unpaid balance of the Note; to deal with all utility service providers for the Receivership Property; with prior approval of Plaintiff Bank of Choice to amend, modify or terminate existing leases, contracts, and to enter into new or amended leases and contracts for the Receivership Property on such terms as the Receiver deems fair; to pay all taxes due on account of the Receivership Property; to maintain insurance on the Receivership Property in an amount reasonably necessary and appropriate; with prior approval of Plaintiff Bank of Choice to borrow money and to offer the Receivership Property as security therefor as the Receiver deems appropriate; to take possession of Crossroads' and/or Currier's books and records concerning the Receivership Property; with prior approval of Plaintiff Bank of Choice to exercise, modify, or extend all Declarant Rights and Special Declarant Rights (if any) concerning the Property; with prior approval of Plaintiff Bank of Choice to hire employees, independent contractors, and management companies to deal with the Receivership Property; to execute such documents and agreements as the City of Arvada, Jefferson County, the State of Colorado and all other persons, entities, governmental bodies and quasi-governmental bodies may require with respect to the Receivership Property; with prior approval of Plaintiff Bank of Choice to sell or liquidate Receivership Property as appropriate and to pay the proceeds therefrom directly to Plaintiff Bank of Choice for the application towards

| **Bank of Choice**, Plaintiff,<br>v.<br>**Crossroads Commercial Center, LTD., L.L.L.P., et al.**, Defendants. | Case No. **10 CV** ___<br><br>Division ___ |
|---|---|

the unpaid balance of the Note and, in particular, to exercise all of Crossroads' and/or Currier's right, title and interest in and to receive all Crossroads' and/or Currier's benefits under the Receivership Property described above, and to assign to their persons and successor owners of the Receivership Property all of Crossroads' and/or Currier's right, title and interest in and to all of the Receivership Property described above as such property rights currently exist or may exist after modification, amendment, or extension by the Receiver; to hire counsel, accountants and consultants; to establish bank accounts and to pay the Receiver's bills which she incurs (but not Crossroads' and/or Currier's bills); and to have all the authority usually held by receivers (except where expanded by this Order) and reasonably necessary to accomplish the purposes stated herein; and

IT IS FURTHER ORDERED, that with prior approval of Plaintiff Bank of Choice the Receiver may abandon any property she deems to be of inconsequential value without further order of the Court; and

IT IS FURTHER ORDERED, that the giving of the Receiver authority to act or make payment hereunder shall not be deemed to be an instruction to act or make payment hereunder unless the Receiver deems it is in the best interest of this special Receivership to do such act or to make such payment; and

IT IS FURTHER ORDERED, that this is a *special receivership* with the Receiver's duties as stated above. *This is not a general receivership.* The Receiver is not responsible for managing Crossroads' and/or Currier's business affairs, investigating or prosecuting potential claims against Crossroads' and/or Currier's; evaluating whether or not Crossroads' and/or Currier's should file or continue in bankruptcy, filing any tax returns or reports, including any federal, state or local tax returns, sales or use tax returns, or workman's compensation reports or for paying, processing, investigating, or defending against any unsecured claims occurring or incurred prior to her appointment or claims or bills incurred by Crossroads' and/or Currier's; and

IT IS FURTHER ORDERED, that the rents, issue, profits, and proceeds of the Property shall be paid directly and solely to Plaintiff Bank of Choice for application towards to the unpaid balance of the Note; and

IT IS FURTHER ORDERED, that the Receiver shall not be obligated to pay any pre-Receivership expenses, contracts, or leases; and

IT IS FURTHER ORDERED, that the Receiver may obtain funds for the purpose of preserving, protecting, and liquidating collateral and the Property by requesting and receiving advances directly from Plaintiff Bank of Choice on account of the Note, and such advances shall be deemed to be an additional indebtedness of Crossroads on account of the Note (and Currier on account of his guaranty of the Note); and

IT IS FURTHER ORDERED, that the Receiver may issue Receiver's Certificates, in the aggregate not to exceed $5,000 without further approval of Plaintiff Bank of Choice and the Court, in exchange for funds advanced by third parties or Plaintiff during the term of receivership, which

| | |
|---|---|
| **Bank of Choice**, Plaintiff,<br>v.<br>**Crossroads Commercial Center, LTD., L.L.L.P., et al.**, Defendants. | Case No. **10 CV** ___<br><br>Division ___ |

Receiver's Certificates shall bear interest at the rate of 15% per annum, which Receiver's Certificates shall be a lien upon the Property junior to that of Plaintiff Bank of Choice; and

      IT IS FURTHER ORDERED, that the Receiver shall not be bound by, or obligated under any pre-Receivership leases or contracts of Crossroads and/or Currier; and

      IT IS FURTHER ORDERED, that Crossroads and/or Currier, and all persons in active participation with said defendants, including, but not limited to, banks, accountants, employees and other agents, are ordered to deliver immediately over to the Receiver all of the Receivership Property now in their possession; all of the Receivership Property received after the date of this Order, endorsed to the Receiver when necessary; and all books, records, contracts, leases, bank records, and the like relating to the Receivership Property. Crossroads and/or Currier shall continue to deliver immediately to the Receiver any such property received at any time in the future and to permit the Receiver to carry out her duties hereunder without interference. Crossroads and/or Currier shall, when necessary, explain the operation, maintenance and management of the Receivership Property to the Receiver; and

      IT IS FURTHER ORDERED, that except as may be expressly authorized by this Court after notice and hearing, Crossroads and/or Currier and their agents, employees and contractors are enjoined from collecting any revenues from the Receivership Property, or withdrawing funds from any bank or other depository account relating to or containing Receivership Property; terminating, or causing to be terminated, any license, permit, lease, contract or agreement relating to the Receivership Property or the operation of any of the businesses on the Property; or otherwise involving themselves in the possession, operation or management of the Receivership Property or otherwise interfering with Receiver's discharge of her duties hereunder; and

      IT IS FURTHER ORDERED, that any debts or liabilities incurred by the Receiver in the course of her operation and management of the Receivership Property, whether in the Receiver's name or in the name of the Receivership Property, shall be the debts and obligations of the receivership estate only, and not of Ms. Tammy Lindsay in her personal capacity; and

      IT IS FURTHER ORDERED, that nothing herein contained shall be construed as interfering with or invalidating any lawful lien or claim by any person; and

      IT IS FURTHER ORDERED, that the costs of this Receivership in excess of the income from the Receivership Property received by the Receiver shall be taxed as additional costs by the Public Trustee or the District Court of Jefferson County in the event the foreclosure sale is subsequently redeemed as provided by law;

      IT IS FURTHER ORDERED, that any further notice required to be given hereunder shall be deemed served on the date it is deposited in the United States Mail, first class postage prepaid, to an attorney of record for any party, or directly to any party not represented by an attorney, and any computation of time for purposes of this Order, unless otherwise specified herein, governed by Rule 6, C.R.C.P.; and

| | |
|---|---|
| **Bank of Choice**, Plaintiff,<br>v.<br>**Crossroads Commercial Center, LTD., L.L.L.P., et al.**, Defendants. | Case No. **10 CV** \_\_\_<br><br>Division \_\_\_ |

IT IS FURTHER ORDERED, that the Receiver shall continue in possession of the Receivership Property during all periods of redemption and during such further period as the Court may order; and

IT IS FURTHER ORDERED, that the Receiver shall file her Oath with this Court, shall file quarterly reports with this Court and shall file a final report with this Court when she has discharged all of her obligations as the Receiver; and

IT IS FURTHER ORDERED, that a Receiver's Bond is not required; and

IT IS FURTHER ORDERED, that the Receiver shall be compensated at the rate of $125.00 per hour ($62.50 per hour for travel time) plus reimbursement for the Receiver's out of pocket expenses and for mileage at the rate of $0.50 per mile.

IT IS FURTHER ORDERED, that this Order shall be effective immediately upon entry of same; and

IT IS FURTHER ORDERED, that Plaintiff Bank of Choice shall serve a copy of this Order upon Crossroads and Currier as soon as practicable; and

IT IS FURTHER ORDERED, that the Receiver is hereby directed to provide written notice of this Receivership to persons in possession of the Property and that posting of this Order in a conspicuous location on the Property shall be sufficient notice; and

IT IS FURTHER ORDERED, that within fifteen calendar days from service of this Order upon them, Crossroads and/or Currier shall contact the Court and Plaintiff Bank of Choice's counsel if they have any objections to this Order for the purpose of setting a hearing on this Order, which hearing may be granted upon a showing of good cause.

Dated:_____

_____
District Court Judge

This document constitutes a ruling of the court and should be treated as such.

|                              |                                                              |
|-----------------------------:|--------------------------------------------------------------|
| **Court:**                   | CO Jefferson County District Court 1st JD                    |
| **Judge:**                   | Jane A Tidball                                               |
| **Alternate Judge:**         | Unassigned                                                   |
| **File & Serve Transaction ID:** | 34697957                                                 |
| **Current Date:**            | Dec 08, 2010                                                 |
| **Case Number:**             | 2010CV5138                                                   |
| **Case Name:**               | BANK OF CHOICE vs. CROSSROADS COMMERCIAL CENTER LTD LLLP et al |
| **Court Authorizer:**        | Jane A Tidball                                               |

**/s/ Judge Jane A Tidball**